UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* | § § § |
| v. | § No. 1:22-CR-00253-RP |
| (2) NATALIE DAWN WILLIAMS, *Defendant* | § § § § |

### ORDER

Before the Court is attorney Brian Roark's—attorney of record for Defendant Natalie Dawn Williams—Motion to Withdraw as Attorney of Record, Dkt. 61. The district court referred the motion to the undersigned for disposition. Dkt. 62. The motion indicates that Defendant no longer wishes to have counsel represent her and that she nonetheless refused to sign the motion indicating her consent to her withdrawal. Dkt. 61. The undersigned set the motion for hearing, which Mr. Roark and Defendant both attended. At the hearing, the two confirmed Defendant's desire to dismiss Mr. Roark.

Defendant then stated her intent to represent herself and, after the Court confirmed her eligibility, declined appointed counsel. The Court then engaged in an extensive colloquy with Defendant on the implications of self-representation in a felony criminal case and strongly advised Defendant against it. The Court informed Defendant of the many advantages to having an attorney and the many disadvantages of self-representation, including, among others, Defendant's lack of familiarity with the Rules of Evidence, the Rules of Criminal Procedure, and court

procedure; her limited access to witnesses; and that she would not be able to claim her own incompetence as a basis for an appeal or a new trial. The Court advised Defendant that a trained lawyer would better defend her and strongly urged Defendant not to represent herself.

Defendant, despite repeatedly stating that she did not understand what the Court was telling her, appeared to be fully competent. Defendant was fully capable of answering the Court's questions when she chose to do so, though she eventually opted to respond to almost every question from the Court by stating that she did not "understand" the question. Based on the Court's observations of her demeanor and responsiveness in this hearing, as well as in previous hearings, the undersigned does not doubt that Defendant was competent during the hearing and fully capable of knowingly and voluntarily waiving her right to counsel. The undersigned found on the record that she had done so and was permitted to represent herself going forward.

The Court nonetheless will appoint standby counsel in order to attempt to mitigate some of the prejudice Defendant otherwise may suffer by representing herself in her case. In *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), the Supreme Court stated that a court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *See also, e.g., McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to

relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of her own clearly indicated goals."); *United States v. Mesquiti*, 854 F.3d 267 (5th Cir. 2017) (affirming conviction in self-representation case where court appointed standby counsel). Defendant is advised that the trial court may terminate self-representation by any defendant who deliberately engages in serious and obstructionist misconduct. *Faretta*, 422 U.S. at 834 n.46.

Based on the foregoing, the Court **GRANTS** Mr. Roark's motion to withdraw, Dkt. 61, and **ORDERS** Russell David Hunt, Jr., 310 South Austin Ave., Georgetown, TX 78626, (512) 474-5114, appointed as standby counsel.

SIGNED June 21, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE